THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 13, 2020



G. Michael Halfenger
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 11 |
| DATE: | February 12, 2020 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 20-20882 |
| DEBTOR: | Cornerstone Pavers, LLC |
| CASE NO.: | 20-20884 |
| DEBTOR: | Burlington Pavers Leasing, LLC |
| NATURE OF HEARING: | 1. Debtors' motion for joint administration |
| | 2. Debtors' motion for interim and final approval of use of cash collateral with a request that interim approval of the use of cash collateral be heard on an expedited basis |
| | 3. Debtors' motion for order to pay wages pre-petition |
| | 4. Motion of West Bend Mutual Insurance Company for cash collateral order relating to bonded contract receivables |
| APPEARANCES: | Jerome Kerkman, appearing as proposed counsel for the debtors-in-possession |
| | Scott Leo and William Piper, appearing for West Bend Mutual Insurance Company |
| | L. Katie Mason, appearing for Operating Engineers Local 139 Health Benefit Fund, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, International Union of Operating Engineers |

|  | Local 139, and Central Pension Fund of the International Union of Operating Engineers and Participating Employers |
|---|---|
|  | Laura Steele, appearing for the United States trustee |
|  | Steven Jelenchick, appearing for UPI LLC (by telephone) |
|  | Vincent Bauer, appearing for the Office of general counsel for the Wisconsin Department of Transportation (by telephone) |
| COURTROOM DEPUTY: | Sara Hackbarth |

The court held a hearing on several matters in these related chapter 11 cases. A recording of the hearing has been posted to the docket.

1. Motion for Joint Administration

For the reasons stated on the record, the court granted the debtors' motion to jointly administer these cases. The court will issue a separate order.

2. Debtors' motion for interim and final approval of use of cash collateral with a request that interim approval of the use of cash collateral be heard on an expedited basis

Christopher Cape testified in support of the debtors' motion for interim use of cash collateral. Based on that testimony, the court concluded that the estate will suffer immediate and irreparable harm if the debtors in possession are not authorized to use cash collateral to the extent orally approved at the hearing and pending the conclusion of a final hearing on cash collateral. The court further concluded that the debtors had a reasonable likelihood of prevailing at the final hearing on use of cash collateral. Accordingly, the court granted the motion for interim use of cash collateral, subject to the revisions to the order addressed below.

The debtors noted that other interested parties had requested revisions to the order on interim use of cash collateral and the debtors requested more time to negotiate with the parties. Several parties identified on the record detailed changes they requested to the order and the court also identified several areas in the order that required revision. The debtors will work with the other interested parties who appeared at the hearing and will revise the order as indicated on the record. The debtors will file a proposed order for the court's signature to which all interest parties who appeared at the hearing and

requested input will have agreed as to form. If all those parties cannot agree as to the form of the order, debtors' counsel must file a proposed order with a letter reporting all disagreements among the parties as to its form.

The court hereby ORDERS as follows:

The court will hold an evidentiary hearing on the debtors' motion for final approval of use of cash collateral. **IT IS ORDERED** that an evidentiary hearing will be held on **March 6, 2020, at 10:00 a.m.**, in the United States Courthouse, Room 133, Milwaukee, Wisconsin 53202.

**IT IS FURTHER ORDERED** that by the end of the day on **February 28, 2020**, any party that intends to participate in the March 6 evidentiary hearing must file and exchange copies of exhibits that they contemplate using at the evidentiary hearing; exhibits should be numbered as described in the procedures posted on the court's website at https://www.wieb.uscourts.gov/content/judge-g-michael-halfenger. To expedite the proceedings, the parties must bring paper copies of all exhibits to the March 6 evidentiary hearing. They should have sufficient sets for use by the court and witnesses. The sets for use by the witness and the court must include the ECF filing stamp on each page. The parties are responsible for having their own copies of each exhibit. Regardless of the parties' use of paper exhibits during the evidentiary hearing, the official record exhibits will be those filed on the electronic docket, unless the court otherwise orders.

**IT IS FURTHER ORDERED** that by the end of the day on **February 28, 2020**, any party that intends to participate in the March 6 evidentiary hearing must file with the court a list of the witnesses that each party intends to call in that party's case-in-chief, along with a brief summary of the testimony each witness will provide at the evidentiary hearing (including for any witness expected to present evidence under Federal Rule of Evidence 702, 703, or 705, the subject matter on which the witness is expected to present that evidence, and a summary of the facts and opinions to which the witness is expected to testify).

**IT IS FURTHER ORDERED** that the failure to identify and exchange an exhibit or identify an issue or witness will result in exclusion of the exhibit, proof of the issue, or witness, except upon a showing that the failure was substantially justified or harmless.

**IT IS FURTHER ORDERED** counsel for each party (unless not represented by counsel) and the debtors' corporate representative must appear in person at the March 6 evidentiary hearing, unless excused by the court in advance.

**IT IS FURTHER ORDERED** that failure to comply with the deadlines set in this order may result in the court taking adverse action against the non-compliant party without further notice or a hearing.

**IT IS FURTHER ORDERED** that unless the parties stipulate to the admission of an expert report, the expert will be expected to testify. If the parties stipulate to the admission of an expert report, the offering party must file the expert report as an exhibit; the court will treat the expert report as the direct testimony of that party's expert, unless the opposing party's pretrial report states an objection to that treatment.

**IT IS FURTHER ORDERED** that this hearing will not be rescheduled absent good cause and written order of the court.

3. Motion for Order to Pay Wages Pre-Petition

For the reasons stated on the record, the court granted this motion subject to certain revisions to the order that were discussed on the record. The debtors' attorney will file a new proposed order.

4. Motion of West Bend Mutual Insurance Company for Cash Collateral Order relating to bonded contract receivables

This motion is adjourned to March 6, 2020, to be heard in connection with the debtors' motion for a final order approving use of cash collateral.

# # # # #