THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 20, 2020



G. Michael Halfenger
Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**In re:**

    **Cornerstone Pavers, LLC,** *et al.,*[1]      **Case No. 20-20882-gmh**
    **Chapter 11 Proceedings**
                     **Debtors.**      **Jointly Administered**

### ORDER APPROVING INTERIM USE OF CASH COLLATERAL

This matter came before the Court on February 12, 2020 on a preliminary hearing on the motion of Cornerstone Pavers, LLC and Burlington Pavers Leasing, LLC (the "Debtors"), for approval of the use of cash collateral in which Community State Bank (the "Bank") and West Bend Mutual Insurance Company ("Surety") may have an interest, and to provide them with adequate protection pursuant to 11 U.S.C. § 363(c)(2)(B) and (3), and Fed. R. Bankr. P. 4001(b).

The Court finds the Debtors will suffer immediate and irreparable harm if they are not

---

[1] Jointly administered with Burlington Pavers Leasing, LLC (Case No. 20-20884-gmh).

Drafted by:

Jerome R. Kerkman
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

permitted to use cash on an interim basis. The Court also finds there is a reasonable likelihood that the Debtors will prevail at a final hearing on their motion to use cash collateral.

For the reasons stated on the record,

**IT IS ORDERED** that:

1. The Debtors shall only use cash collateral on an interim basis only for the purposes stated on the attached Exhibit A in amounts not to exceed 20% over the amounts identified on Exhibit A, except that the Debtors are permitted to pay the actual amounts of wages, pension benefits and fringe benefits, together with related taxes and payroll deductions (including union dues) (collectively, "Wages"). For the avoidance of doubt, payment of Wages shall not be subject to the 20% budget overage restriction.

2. The Debtors may pay all Wages incurred after the chapter 11 filing date of February 4, 2020.

3. The following adequate protection is granted to the Bank only:

    ***A.***     ***Replacement Lien for the Bank.*** On an interim basis only, the Debtors will grant the Bank a replacement lien of the same priority to the same extent and in the same collateral as the Bank had prior to the chapter 11 filings on February 4, 2020. It will retain its lien on machinery and equipment having a value of more than $3.3 million as well as any other assets that are the Bank's collateral.

    ***B.***     ***Appraisal of Machinery and Equipment.*** The Debtor will cooperate with the Bank in the Bank obtaining an appraisal of the machinery, equipment and all other hard collateral assets. The Bank will share the results of the appraisal with the Debtor.

4. All receipts that may include "trust funds," as defined in Wis. Stat. § 779.16, that shall be deposited as follows upon receipt:

A. **_Payments on Bonded Jobs._** Into a separate account at the Bank that will only hold payments on jobs for which the Surety issued a bond.

B. **_Payments on Non-Bonded Jobs._** Into a separate account at the Bank that will only hold payments on jobs which are not subject to any bond.

5. There shall be a determination of whether receipts from bonded jobs or non-bond jobs are trust funds. The determination shall be made in the following manner:

A. **_Weekly Determination._** On or about Tuesday of the following week, the Debtors will provide the Bank, Surety, Attorney L. Katie Mason on behalf of certain labor funds (collectively, the "Union Funds") and Attorney Steve Jelenchick on behalf of UPI LLC with a list of all receipts and the amount of trust funds received for the previous week ending on Friday with a proposed payment of the trust funds out to creditors. Payments to creditors shall not be made until the creditor executes a release of any lien or right against the Surety for the amount paid.

B. **_Objections._** The Bank, Surety and Union Funds shall have seven calendar days to object to the proposed payments. If there is an objection that the parties cannot resolve, the Court shall determine the payments. Until the dispute is resolved by the Court or agreement, the Debtors will pay the undisputed payments.

6. **_Payments by Customers._** Customers on the attached Addendum 6.0 are advised to pay Cornerstone Pavers, LLC notwithstanding correspondence sent before February 4, 2020 advising them otherwise. Cornerstone Paves, LLC shall handle the payments consistent with the terms of this Order.

7. The Debtors will provide reports of its receipts and disbursements once a month consistent with the Debtors' monthly operating report requirements for its chapter 11 case,

inclusive of monthly balance sheets and income statements.

8. By the 20th day of each month for the following month, the Debtors will provide a summary of receivables versus trust fund payables for the receivables.

9. As soon as is reasonably practicable after the Debtors' submission of the first weekly determination report referenced in Paragraph 5.A. above, the Debtors shall provide Attorney Mason with such information as is necessary for the Union Funds to evaluate the weekly determination reports referenced in Paragraph 5.A. above and determine whether or not funds identified in the weekly determination reports constitute trust funds payable to the Union Funds. Such information shall include (but is not limited to), a listing of all hours worked by employees covered by any collective bargaining agreement with Local 139 of the International Union of Operating Engineers which list shall be sorted by: (a) employee, (b) project owner, (c) general contractor, (d) project location, (e) bond number, if any, (f) invoice number being paid, and (g) the work month any Debtor invoice covers. The Debtors shall provide such listing for the time period of June 2019 through and including January 31, 2020, and shall provide such listing on a regular basis going forward.

10. The Debtors will maintain insurance on all their assets.

11. This Order shall terminate upon a trustee being appointed, the chapter 11 cases being dismissed, a permanent order permitting the use of cash collateral and adequate protection being entered or further order of the Court.

# # # # #

**Addendum 6.0**

City of Racine- Department of Public Works -   Project: 2018 Assessable St. and Alley Paving
730 Washington Ave.   Project: Monroe Avenue Reconstruction
Racine, WI 53403

City of Kenosha- Department of Public Works -   Project: 60th Street Reconstruction 19-1021
625 52nd Street   Project: 104th Ave. 17-1023
Kenosha, WI 53140

Milwaukee County -   Project: GMIA Airfield Pavement Rehab A218-
901 N. 9th Street   17007-01
Milwaukee, WI 53233

Village of Mt. Pleasant -   Project: 16th Street Reconstruction, 90th St.
8811 Campus Drive   to Willow Road
Mt. Pleasant, WI 53406

Kenosha County Department of Public Works -   Project: 2018 Recycled Aggregates Crushing
19600 75th Street, Suite 122-1   Contract
Bristol, WI 53104

State of Wisconsin, Department of Transportation
4844 Madison Yards Way
Madison, WI  53705

Projects: CTH D. I39/90
W. National Ave. to S. 70th Street
CTH MM to STH 38
N-S Freeway, STH K Exchange

James Peterson Sons, Inc.   Project: Braun Road, Racine County
PO Box 120 N2251 Gibson Drive   Project: Wisconsin Valley Way- Mt. Pleasant
Medford, WI 54451

5

Exhibit A

**CORNERSTONE PAVERS, LLC**
**BURLINGTON PAVERS LEASING, LLC**

| WEEK ENDING | 2/8/2020 | 2/15/2020 | 2/22/2020 | 2/29/2020 | 3/7/2020 | 3/14/2020 |
|---|---|---|---|---|---|---|
| **CASH OUTGOING** | | | | | | |
| GROSS CORNERSTONE PAVERS PAYROLL - FIELD | $ 13,000 | $ 13,000 | $ 13,000 | $ 13,000 | $ 13,000 | $ 13,000 |
| GROSS CORNERSTONE PAVERS PAYROLL - OFFICE | $ 9,000 | $ 9,000 | $ 9,000 | $ 9,000 | $ 9,000 | $ 9,000 |
| GROSS BURLINGTON PAVERS PAYROLL (TRANS FROM CP) | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 |
| BURLINGTON PAVERS SHOP - WINTER REPAIRS | | | $ 16,200 | | | |
| HEALTH UNION | $ 16,632 | | | | $ 5,956 | $ 16,632 |
| PENSION | | $ 7,025 | | | | $ 7,025 |
| OTHER BENEFITS | | $ 722 | $ 722 | $ 722 | $ 722 | |
| UNION DUES | | $ 818 | $ 818 | $ 818 | $ 818 | |
| AP&T | | $ 53 | $ 53 | $ 53 | $ 53 | |
| LECET | | $ 12 | $ 12 | $ 12 | $ 12 | |
| VAC | | $ 124 | $ 124 | $ 124 | $ 124 | |
| TRAVELERS INSURANCE | | | | | | |
| RENT | | $ 2,500 | | $ 8,500 | | |
| EQUIPMENT AND TRUCK LOAN AND LEASE PAYMENTS | | | | | $ 1,495 | |
| TJ INSURANCE | $ 850 | | | | $ 850 | |
| SPECTRUM | $ 200 | | | | $ 200 | |
| VERIZON | $ 200 | | | | $ 200 | |
| MISCELLANEOUS | | $ 1,000 | | $ 1,000 | | $ 1,000 |
| WI SALES USE TAX ESTIMATE | | | $ 1,000 | | | |
| **TOTAL CASH PAID OUT** | $ 44,382 | $ 38,754 | $ 45,429 | $ 37,729 | $ 36,929 | $ 51,157 |